UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CIVIL ACTION NO.:

EDDIE I. SIERRA,

Plaintiff,

vs.

CITY OF PLANTATION, FLORIDA

Defendant.
_____________________________/

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Plaintiff, EDDIE SIERRA, by and through his undersigned counsel, hereby files his Complaint against the City of Plantation, Florida for declaratory and injunctive relief, and states in support as follows.

## INTRODUCTION

1. This is an action under Title II of the Americans with Disabilities Act of 1990 and under Section 505 of the Rehabilitation Act of 1973 through which Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") is enforced, to redress unlawful disability-based practices and to make plaintiff Eddie Sierra whole. Defendant City of Plantation, Florida ("PLANTATION") is a public entity which denied Eddie I. Sierra both access to Defendant's various archived video for streaming on demand, as located throughout its website; as well as access to live streaming[1] of Defendant's City Council meetings, on the basis of his disability, being hard of hearing and deaf. In so doing, PLANTATION denied Eddie I. Sierra a fundamental right

[1] As used herein live streaming means the streaming of a live event, over the internet, as it occurs.

to observe and participate in the democratic process of self-government.

2. PLANTATION's video and live streaming online content constitutes "programs, services and activities" that are available to anyone who accesses their website. However, this content is not available for persons who are deaf or hard of hearing due to barriers to access, including but not limited to closed captioning. 28 CFR §35.130.

3. Qualified or otherwise qualified individuals who are deaf require auxiliary aids or services, such as closed captioning services, to meaningfully access the online audiovisual content and audio content. PLANTATION's content is not closed captioned.

4. Plaintiff brings this action against PLANTATION to enforce Section 504 of the Rehabilitation Act requiring that a public entity receiving federal financial assistance, which the PLANTATION receives each year, must not deny persons with disabilities the benefits of its programs, services and activities. [2]

5. By failing to provide auxiliary aids or services, PLANTATION deprives deaf and hard of hearing individuals the benefits of its online content, a benefit afforded to non-disabled individuals, thereby increasing the sense of isolation and stigma that the ADA and Section 504 were meant to redress for individuals with disabilities.

6. Plaintiff requested that PLANTATION provide auxiliary aids and services—closed captions—for its online content in a timely and accurate fashion. To date, PLANTATION has not provided closed captions or any other auxiliary aids or services for its online audiovisual content.

7. PLANTATION's denial of its publicly available online content to deaf and hard of hearing persons violates Section 504 of the Rehabilitation Act and Title II of the ADA.

[2] See 29 USC §794(a)

8. Accordingly, Plaintiff seeks injunctive and declaratory relief to ensure that deaf and hard of hearing individuals have equal, effective and timely access to PLANTATION's publicly available online content, and other damages as pled *infra*.

## JURISDICTION AND VENUE

9. Plaintiff brings this action under sections 12132 and 12133 of the ADA, 42 U.S.C. §§12132 and 12133 incorporating by reference the remedies, procedures and rights under the Rehabilitation Act, 29 U.S.C. §§794 and 794a(a)(2) and (1)(a), and under section 505 of the Rehabilitation Act, which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 and 794a(a)(2) incorporating the remedies, rights and procedures set forth in section Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et. seq.

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12188. This Court's jurisdiction is proper under 28 U.S.C. §§ 451, 1331, and 1343.

11. On best information and belief, PLANTATION's unlawful practices have occurred since April 2011 and continue to occur in the Southern District of Florida.

12. Plaintiff has visited Defendant's website in the past including December 7, 2016 and August 4, 2017 and intends to continue to visit Defendant's website in the immediate future. Defendant's website constitutes a "Program and Activity" under the Rehabilitation Act 29 U.S.C. §794(b)(1)(A). However, unless Defendant is required to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendant's website, Plaintiff will continue to be denied full and equal access to the video content on Defendant's website, Facebook page and its live streaming.

13. Plaintiff is expressly authorized to bring this action under the Americans with

Disabilities Act (ADA) 42 U.S.C. Sections 12132 and 12133, incorporating by reference the remedies and procedures and rights under the Rehabilitation Act, 29 U.S.C. Section 794 and 794a(a)(2) and under Section 505 of the Rehabilitation Act which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 and 794a(a)(2) incorporating the remedies, rights and procedures set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et. seq. Plaintiff has complied with all conditions precedent to bring this action.

14. On best information and belief, Defendant's video content in Exhibit A is exempt from the closed captioning mandate under the Twenty-First Century Communications and Video Accessibility Act (CVAA) and the CVAA implementing regulations, but not from the ADA or Rehabilitation Act of 1973. Plaintiff does not have administrative remedies available at the Federal Communications Commission (FCC) under the CVAA because Defendant is exempt from the CVAA or alternatively, because Defendant's video content is not covered under the CVAA or the enacting regulations. *See,* FCC Close Out Letter for Complaint Ticket #1578109 (Exhibit B). However, regardless of whether the content in Exhibit A is subject to the CVAA, the FCC has ruled that exempt entities' video content must still comply with the ADA and the Rehabilitation Act of 1973. "[W]hen it [FCC] adopted closed captioning mandates for television, the Commission made clear that entities that qualify for an exemption from the FCC's closed captioning requirements may be obligated under other federal statutes, such as the Americans with Disabilities Act (ADA), to make their services and programs, including video programming services accessible to individuals with disabilities. *Closed Captioning and Video Description of Video Programming, Implementation of Section 305 of the Telecommunications Act of 1996, Video Programming Accessibility*, Report and Order 13 FCC Rcd 3272, 3342, n.534 (1997) (1997 Closed

Captioning Order). "[T]he Commission's rules and are not intended to 'preclude or supersede the operation of federal laws that may require an exempt for the [the FCC's closed captioning requirements] to make its video programming services accessible to people with disabilities." *1997 Closed Captioning Order*, 13 FCC Rcd 3272, 3342, n.534. *See also* 28 CFR Appendix B to part 35, Guidelines of ADA Regulation and Nondiscrimination on the Basis of Disability in State and Local Government Services, 56 FR 35696, 35712 (July 26, 1991) (noting that television and videotape programming produced by public entities is covered under 28 CFR §35.160, and further noting that "[a]ccess to audio portions of such programming may be provided by closed captioning").

**PARTIES**

15. The Plaintiff is an individual with a hearing disability in that Plaintiff is deaf. He is a disabled rights advocate serving on disability rights board(s) in South Florida. Plaintiff works in Plantation, Florida and pays taxes in Broward County, Florida. He is substantially limited in the major life activity of hearing. Plaintiff does not understand or use sign language.

16. Plaintiff is an otherwise qualified or qualified individual with a disability in that Plaintiff is qualified to access PLANTATION's video streaming program or service.

17. Due to his disability, the Plaintiff requires auxiliary aids and services, such as closed captioning services, to be able to participate in and receive the benefit of the PLANTATION's online videos and content.

18. PLANTATION is a public entity within the meaning of Title II of the Americans with Disabilities Act and at all times relevant has been a recipient of federal funds under the Rehabilitation Act of 1973. PLANTATION is a body corporate and political subdivision of the

State of Florida.

## GENERAL ALLEGATIONS

19. PLANTATION provides a live streaming service through its online portal where any interested persons can stream the live meetings of the PLANTATION City Council at http://www.plantation.org/City-Government/Council/video.html. In these simulcast meetings, the PLANTATION City Council is receiving information and statements from the public, negotiating and voting on issues concerning procurement, transportation, zoning, taxes, spending, parks and culture. The City Council's meetings have a direct effect on the citizens in the region. However, PLANTATION's live streaming is done in a discriminatory manner.

20. PLANTATION also has archived video on its website. Attached as Exhibit A to Plaintiff's Amended Complaint is a list of meetings from April 2011 to August 2017. There are 169 separate videos in Defendant's archives. These videos show the City Council discussing and voting on zoning applications, procurement contracts, tax rates, and cultural activities. In short, much of PLANTATION's recent history is preserved on these videos. None of these videos are accessible to Plaintiff because he cannot understand the audio portion of the videos.

21. Persons who are not limited in the major life activity of hearing can use PLANTATION's live streaming and on demand video service to watch and listen to PLANTATION's legislative decision-making activities via the live streaming service. They are also able to meaningfully use and benefit from other archived videos from PLANTATION.

22. The Plaintiff Sierra is prevented from observing and participating in the PLANTATION's live streamed meetings or viewing its archived content identified in Exhibit A

because of his hearing disability.

23. Plaintiff will return to the PLANTATION website in the near future to use its video archives and live-streaming services of future City Council meetings and other activities, but for the unlawful barrier created by PLANTATION's refusal to provide closed captioning services for its archived videos and live streaming of its City Council meetings. Thus, Plaintiff has been effectively barred from access to the PLANTATION's online video and live streaming content.

24. On or about September 27, 2016, Plaintiff, in his role as an advocate for disabled persons, requested that PLANTATION provide auxiliary aids and services including but not limited to closed captioning of videos on its website and closed captioning for its live City Council meetings. Plaintiff requested closed captioning because he does not use or understand sign language.

25. PLANTATION has failed to provide Plaintiff with any of the requested auxiliary aids and services for its live streamed and archived content.

26. On December 7, 2016 and August 4, 2017 Plaintiff was denied access to PLANTATION's archived videos identified in Exhibit A. The archived videos remain inaccessible because they are not closed captioned.

27. Defendant has not provided auxiliary aids or services, including but not limited to closed captioning services, for those video recordings Defendant has made available via Facebook.com. As of this filing, those video and audio recordings remain inaccessible to Plaintiff.

28. At all relevant times, PLANTATION is a public entity as defined in 42 U.S.C. Section 12131(1) of the ADA, in that it is a local government entity, a body corporate and political subdivision of the State of Florida.

29. At all times relevant, PLANTATION has been a recipient of federal financial assistance.

30. Since at least April 2011, PLANTATION has engaged in unlawful practices in violation of the ADA Section 12132; 28 C.F.R. 35.130(a)-(b)(1), 28 C.F.R. 35.160(a) and (b)(2) and in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794. These practices include but are not limited to denying Eddie I. Sierra, an individual with a disability who, with or without reasonable modifications to the rules, policies or practices; the removal of communication barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services to participate in programs or activities provided by PLANTATION access to the on demand and live streaming video services of the PLANTATION.

31. For its archived video content, identified above in Exhibit A, PLANTATION has acted with deliberate indifference to the provisions of the Rehabilitation Act and Title II of the ADA regarding the unlawful practices described herein because PLANTATION is aware of the availability of auxiliary aids and services and does not provide any such services, including but not limited to closed captioning, for its content identified in Exhibit A, and has failed to provide such auxiliary aids and services upon notice of Plaintiff's request for the same.

32. The international website standards organization, W3C, has published widely-accepted guidelines ("WCAG 2.0 AA") for making video content accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice, the Federal Courts and adopted by the United States Access Board, an independent federal agency that promotes equality for people with disabilities, as the standard for the federal government.

33. PLANTATION's online video content as referenced in Exhibit A does not comply

with the WCAG 2.0 AA guidelines. PLANTATION's live streamed City Council meetings referenced in ¶19 herein also fail to follow WCAG 2.0 AA guidelines for real time closed captioning of video content.

34. Plaintiff has retained J. Courtney Cunningham, PLLC as his legal counsel in this action, and has agreed to pay said law firm reasonable attorneys' fees and costs of litigation.

## COUNT I
## VIOLATION OF TITLE II OF THE ADA

35. Plaintiff adopts the allegations in paragraphs 1 through 34 as if fully set forth herein, and would further state:

36. Defendant's streaming of video content referenced in ¶19, and Exhibit A is a service, program or activity within the definition of Title II of the Americans with Disabilities Act.

37. Plaintiff has visited Defendant's website on different occasions. On December 7, 2016 and August 4, 2017 Plaintiff was denied access to Defendant's video content available on Defendant's website described at ¶19 and the attached Exhibit A.

38. Plaintiff had previously requested from Defendant an auxiliary aid and service for use of its archived video and live streaming of its City Council meetings.

39. Defendant failed to provide an auxiliary aid and service for Plaintiff after receipt of Plaintiff's request for the same and for the archived videos in Exhibit A.

40. Defendant has denied Plaintiff the opportunity to participate in or benefit from the programs, services and activities afforded to persons who are not hearing-impaired.

41. Defendant has denied Plaintiff these opportunities due to Plaintiff's disability, i.e. his hearing impairment.

42. Defendant denied Plaintiff the opportunity to participate in a service, program, or activity due to Plaintiff's disability.

43. Defendant has failed to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied participation in a service, program or activity, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

44. Defendant has failed to provide auxiliary aids and services for the video content referenced in Exhibit A, including but not limited to "qualified interpreters on-site or through video remote interpreting (VRI) services; notetakers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing." 28 C.F.R. § 35.104 (1)

45. Providing closed captions as requested or the auxiliary aids and services as stated in paragraph 44 above would not result in any undue burden to Defendant.

46. Providing auxiliary aids and services as stated in paragraph 44 would not fundamentally change the nature of the service, program or activity.

47. Plaintiff remains unable to equally and fully access the Defendant's video archives as well as live steaming content identified in ¶19, and Exhibit A for as long as Defendant fails to comply with the ADA and WCAG 2.0 AA standards.

48. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages.

WHEREFORE the Plaintiff requests relief as set forth below:

A. A Declaratory Judgment finding that, as of the commencement of this action, Defendant was in violation of the specific requirements of Title II of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its websites are fully accessible to, and independently usable by, disabled and hearing-impaired individuals;

B. A permanent injunction pursuant to 42 U.S.C. §12188(a)(2) and 28 CFR §35.160(a)1 and (b)1 which directs Defendant to take all steps necessary to bring its website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its website is fully accessible to, and independently usable by, hearing-disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in

compliance with the law;

C. That Defendant ensures that all employees involved in website video content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

D. That Defendant create an accessibility policy that will be posted on its Website, along with an e-mail address and toll-free phone number to report accessibility-related problems.

E. Payment of costs of suit;

F. Damages to Plaintiff as compensation for Defendant's deliberate indifference to violating Plaintiff's rights under the ADA and Rehabilitation Act.

G. Payment of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. §12205 and 28 CFR §35.175; and

H. Any and all other relief this Court deems necessary and just.

**COUNT II**

**VIOLATION OF THE REHABILITATION ACT OF 1973**

49. Plaintiff adopts the allegations in paragraphs 1 through 34 as if fully set forth herein.

50. Defendant's video content identified in ¶ 19 and Exhibit A, includes PLANTATION's live City Council meetings, and archived City Council meeting videos. None of the archived video

content is closed captioned and neither are the live streaming city council meeting.

51. At all times relevant, PLANTATION has been a recipient of federal financial assistance bringing PLANTATION under the Rehabilitation Act which prohibits discrimination against qualified or otherwise qualified individuals in the recipient's "programs or activities".

52. The Rehabilitation Act defines "program or activity" to mean all of the operations of a department, agency, special purpose district, or other instrumentality of State or local government. PLANTATION is an instrumentality of State or local government. Defendant's publicly available online content and streaming services is a "program or activity" within the meaning of the Rehabilitation Act. 29 U.S.C. Section 794(b)(1)(A).

53. On or about September 27, 2016, Plaintiff requested that PLANTATION provide effective communications by granting auxiliary, aids and services--closed captioning of videos in Exhibit A--and closed captioning of its live City Council meetings.

54. PLANTATION has failed to provide Plaintiff with the requested auxiliary aids and services.

55. On December 7, 2016 and August 4, 2017 Plaintiff was denied access to PLANTATION's live stream of its City Council meeting and archived video content solely by reason of his disability. This denial of access to Defendants "program or activity" subjected Plaintiff to discrimination, excluded Plaintiff from participation in the program or activity and denied Plaintiff the benefits of Defendants live streamed and archived video streaming service. As of this filing, the videos identified in Exhibit A remain uncaptioned and inaccessible to qualified or otherwise qualified persons.

56. The international website standards organization, W3C, has published widely-accepted

guidelines (“WCAG 2.0 AA”) for making video content accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice and by Federal Courts and the United States Access Board.

57. PLANTATION’s live streamed City Council meetings and archived video recordings in Exhibit A do not comply with the WCAG 2.0 AA guidelines.

58. Plaintiff is expressly authorized to bring this action under the Rehabilitation Act of 1973, 29 U.S.C. Section 794 and 794a(a)(2) and (b)(1)(A), and under Section 505 of the Rehabilitation Act which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794 and 794a incorporating the remedies, rights and procedures set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et. seq.

59. At all times relevant, the PLANTATION has been a recipient of federal financial assistance having received federal funds bringing PLANTATION under the Rehabilitation Act.

60. Since at least April 2011, PLANTATION has engaged in unlawful practices in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794. These practices include but are not limited to denying Eddie I. Sierra, an individual with a disability who, with or without reasonable modifications to the rules, policies or practices; the removal of communication barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services to participate in programs or activities provided by PLANTATION.

61. PLANTATION has acted with deliberate indifference to the provisions of the Rehabilitation Act and Title II of the ADA in regards to the unlawful practices described herein because PLANTATION is aware of the availability of auxiliary aids and services and fails to provide any such services, including but not limited to closed captioning for its content identified

in ¶ 19 and Exhibit A and has failed to provide such auxiliary aids and services upon notice of Plaintiff's request for the same.

62. As a direct and proximate result of Plantation's unlawful discrimination, Plaintiff has sustained injuries and damages.

WHEREFORE the Plaintiff requests relief as set forth below:

A. A Declaratory Judgment finding that, as of the commencement of this action, Defendant was in violation of the specific requirements of Rehabilitation Act and its relevant implementing regulations, in that Defendant took no action that was reasonably calculated to ensure that its video content described herein was fully accessible to, and independently usable by, disabled and hearing-impaired individuals;

B. A permanent injunction pursuant to 42 U.S.C. §12133; 28 CFR §35.160(a)1 and (b)1 and 29 U.S.C. § 794a(a)(2) which directs Defendant to take all steps necessary to bring its video content into full compliance with the requirements set forth in the ADA, and its implementing regulations, and the Rehabilitation Act of 1973, so that its video and live streaming content is fully accessible to, and independently usable by, hearing-disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. That Defendant ensure that all employees involved in website video content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

D. That Defendant create an accessibility policy that will be posted on its website, along with an e-mail address and toll-free phone number to report accessibility-related problems.

E. Damages to Plaintiff as compensation for violating Plaintiff's rights under the Rehabilitation Act of 1973.

F. Payment of costs of suit;

G. Payment of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §794(a)(b) of the Rehabilitation Act; and

H. Any and all other relief this Court deems necessary and just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 20th day of September, 2017.

Respectfully Submitted,

J. Courtney Cunningham PLLC
Counsel to Plaintiff
FBN. 628166
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Tel: (305) 351-2014

**By: /s/ J. Courtney Cunningham**
Email: cc@cunninghampllc.com